%JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Lorraine Z. Waitkus

**DEFENDANTS**
Faloni & Associates, LLC

(b) County of Residence of First Listed Plaintiff: **Bergen**

County of Residence of First Listed Defendant: **Essex**

(c) Attorney's (Firm Name, Address, Telephone Number and Email Address)
Wesley G. Hanna, Esquire/Friedman & Associates, LLC, 125 North Route 73, West Berlin, New Jersey 08091

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)
unknown

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. 1692 et. seq

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) (See instructions):
JUDGE                            DOCKET NUMBER

Explanation:

DATE: 8-16-2011

SIGNATURE OF ATTORNEY OF RECORD

THE LAW OFFICE OF SANDER FRIEDMAN
Wesley G. Hanna, Esquire
125 North Route 73
West Berlin, New Jersey 08091
(856) 988-7777
Attorneys for Plaintiff

THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
(NEWARK)

| | |
|---|---|
| LORRAINE Z. WAITKUS, | Civil Case Number: |
| *Plaintiff,* | |
| v. | Civil Action |
| FALONI & ASSOCIATES, LLC | |
| | **Complaint** |
| *Defendants.* | |

Plaintiff hereby complains against the Defendant as follows:

### PARTIES

1. Plaintiff Lorraine Z. Waitkus is an individual residing in Bergen County, New Jersey.

2. Defendant Faloni & Associates, LLC is a lawfirm and debt collector operating out of Fairfield, New Jersey.

### JURISDICTION AND VENUE

3. Jurisdiction is proper in the Federal District Court as the case is premised upon a federal question as defined under 28 U.S.C. 1331, to wit, application and interpretation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et. seq.

4. Venue is proper in Newark because a substantial part of the events giving rise to Plaintiff's claims took place in the scope of the Newark vicinage.

### BACKGROUND

5. Plaintiff Lorraine Z. Waitkus is an individual that Defendant is attempting to collect a purported debt from.

6. As part of Defendant's debt collection effort, Defendant sent Ms. Waitkus an initial collection notice.

7. The portions of the notice that identifies it as being from a debt collector and advising Ms. Waitkus of her validation rights are not sufficiently prominent to be noticed by the least sophisticated debtor.

8. The notice is under an attorney's letter head.

9. The letter expressly and impliedly threatens legal action.

10. The notice also contained a disclaimer, stating "At this time no attorney with this firm has personally reviewed the particular circumstances of your account."

11. Upon information and belief, there was no meaningful attorney involvement with the file or account before sending Ms. Waitkus the collection notice.

## CLASS ALLEGATIONS

### Violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692

12. The above recitations are hereafter incorporated by reference.

13. Upon information and belief, Defendant is a debt collector that attempts to collect a large number of debts on behalf of one or several creditors.

14. Upon information and belief, Defendant sends a nearly identical collection notice to each and every one of the consumers that are subject to its debt collection efforts.

15. Defendant's collection notices violate the Fair Debt Collection Practices Act by failing to prominently identify Defendant as a debt collector and apprise consumers of their validation rights.

16. Defendant's collection notices violate the Fair Debt Collection Practices Act in that a notice that purports to be from an attorney and threatens legal action while simultaneously disclaiming attorney review of the matter is abusive, harassing, deceptive, misleading, unconscionable, and otherwise unlawful.

17. Upon information and beleif, Defendant sends out the offending collection notice en

masse without any meaningful attorney involvement.

18. The practice described in the paragraph above amounts to a law firm renting out its letterhead. It is unethical, violates the Rules of Professional Conduct, and by extension, violates the Fair Debt Collection Practices Act.

19. The proposed class(es) consists of all natural persons that received a collection notice containing one or more of the defects described above.

20. Upon information and belief, members of the prospective class(es) are so numerous that joinder of all class members is impractical. Plaintiff's belief is that there are several hundred class members. The exact number and identities of the class members are currently unknown and can be ascertained from the books/records of the Defendants and/or appropriate discovery.

21. Common questions of law and fact exist as to all members of the class that predominate over any questions affecting any individual class members.

22. Common questions of fact include, but may not be limited to:

    a. The content of collection notices.

    b. Whether the collection notices are misleading, abusive, harassing, deceptive, or otherwise in violation of the rights of the least sophisticated debtor

    c. Whether there was any meaningful attorney involvement in the matters prior to the mailing of collection notices on law firm letterhead.

23. Common questions of law include, but are not limited to, the propriety of Defendant's collection notice and activities (including the act of allowing a law firm's letter head to be used to up the ante in a debt collection effort without any meaningful attorney involvement in the matter) in light of the burdens imposed by the Fair Debt Collection Practices Act and/or other laws and legal precepts.

24. Plaintiff's claims are typical of the claims of the class(es) as she was subject to the notices and collection activities.

25. Plaintiff has the same interest as all other members of the class(es) - ensuring

Defendants comply with all laws affecting the collection of consumer debts.

26. Plaintiff will fairly and adequately represent and protect the interest of the class(es).

27. Plaintiff has retained counsel with experience in class action litigation, as well as other complex litigation. The interests of the Plaintiff is coincident to, and not antagonistic to, the interest of other members of the class(es).

28. The questions of law and fact common to members of the class predominant over any questions affecting individual class members and class litigation is the superior method to adjudicate the common questions. The prosecution of separate actions by individual members of the class would result in duplicitous litigation over the same issues and possibly create a risk of inconsistent or varying adjudications that could result in establishing inconsistent standards of conduct, policies and/or procedures for the Defendants. The Defendant's notices and collection activities affect all class members identically. The class action mechanism is superior to other available methods for the fair and efficient adjudication of this controversy.

29. Neither Plaintiffs, nor their counsel, will have difficulty managing their respective roles in prosecuting this action as a class action.

*Wherefore*, Plaintiffs request judgment as follows:

    a. Certifying this matter as a class action, with multiple classes, or sub-classes, as may be appropriate;
    b. Awarding such sums as appropriate under *15 U.S.C. 1692k*;
    c. Awarding counsel fees and costs of suit;
    d. Awarding pre-judgment interest;
    e. Awarding other such relief as the Court may deem fair and equitable.

## Individual Claims

### Violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692

30. The above allegations are hereafter incorporated by reference.

31. As described above, the collection notice received by Plaintiff violates the Fair Debt Collection Practices Act.

32. As described above, Defendant's collection activities, including the act of allowing a

law firm's letter head to be used to up the ante in a debt collection effort without any meaningful attorney involvement in the matter, violate the Fair Debt Collection Practices Act.

*Wherefore*, Plaintiffs request judgment as follows:

a. Awarding such sums as appropriate under *15 U.S.C. 1692k*;
b. Awarding counsel fees and costs of suit;
c. Awarding pre-judgment interest;
d. Awarding other such relief as the Court may deem fair and equitable.

/s/ *Wesley G. Hanna*
Wesley G. Hanna, Esq.
(WH-9019)